### In re APACHE PRODUCTS COMPANY, Debtor.

No. 8:02–bk–20896–ALP.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 4, 2005.

W. Keith Fendrick, Mark J. Wolfson, Lead Attorney, Lori V. Vaughan, Foley & Lardner, Tampa, FL, for Debtor.

*ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ON THE OBJECTION OF THE DEBTOR TO CLAIM OF ATHENS HOTEL, ET AL. (CLAIM NO. 520)* (Doc. No. 929)

ALEXANDER PASKAY, Bankruptcy Judge.

THE MATTER under consideration in the above-captioned confirmed Chapter 11 case of Apache Products Company (Debtor) is a Motion for Summary Judgment on the Objection of the Debtor to Claim of Athens Hotel, et al. (Claim No. 520) (Motion for Summary Judgment), filed by the Debtor. It is the contention of the Debtor that the Claimants [1] have failed to meet the burden of proof to establish that the Debtor supplied the products which make the basis for their claim, therefore, there are no genuine issues of material fact, and the Debtor is entitled to a judgment as a matter of law.

A brief summary of the relevant events leading up to the initiation of this Motion is as follows. Apache is a wholly owned subsidiary of Jasper Corp. (Jasper). Apache was a distributor of a product manufactured by Dryvit Systems, Inc., known as exterior insulation and finish

1. Claimants under Claim No. 520 are Athens Hotel Limited Partnership, Inc., Bridgeport Hotel Limited Partnership, d/b/a Hampton Inn, Charleston, West Virginia Hotel Limited Partnership, Princeton Hotel Limited Partnership, Inc., Somerset PA Hotel Limited Partnership, and Washington PA Hotel Limited Partnership.

system (EIFS). This is a stucco-like product that was used as a decorative covering for residential homes and hotels.

The Debtor filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code on October 22, 2002. The Court established a deadline for filing proofs of claims or interest by March 15, 2003. The Court further established a second deadline for filing certain EIFS related Claims by March 31, 2004. The Claimants did not file a proof of claim. On June 1, 2004, the Debtor filed a Proof of Claim on behalf of the Claimants for an unknown amount. (Claim No. 520). The Second Amended Plan of Reorganization, as modified, was confirmed by Order of the Bankruptcy Court on June 14, 2004.

In the mid to late 1990s, Apache sold to Construction Concepts, Inc.,[2] its own manufactured expanded polystyrene products which could be used in the Dryvit EIFS. Apache sold no stucco to Construction Concepts, Inc., and only supplied one small order of plastic mesh used in the Dryvit EIFS. (See Exhibit A of Affidavit of Greg Thompson in Support of Debtor's Motion for Summary Judgment on Objection to Claim of Athens Hotel, Et Al.). (Doc. No. 930). There is no evidence that Apache had any involvement with the installation of the EIFS in any of the hotels.

It is without dispute that following the initiation of this Chapter 11 case of the Debtor, the Claimants filed a post-petition civil action, which is pending in the Circuit Court of Harrison County, West Virginia, (West Virginia Case) Case No. 03–C–25, styled *Athens Hotel Limited Partnership, Inc., et al. v. TEC Specialty Products, Inc., et. al.,* naming the Debtor as a Defendant.

In their Complaint in the West Virginia Case, the Claimants allege in Count I, Negligence, in that the Debtor owed the Claimants "... a duty of care to properly train and instruct those applying its products and not to manufacture and distribute a product which would result in the destruction of the Building." In Count II of the Complaint, the Claimants allege Breach of Implied Warranties. The alleged breach of implied warranties is a result of the Debtor "... selling and distributing component parts for the TEC/Dryvit/Sto EIFS ... that their component parts ... were merchantable and fit for the particular purpose of installation on the Hotels." The Debtor was not indicated in the Claimants' Complaint in Count III, Breach of Contract. However, in Count IV of their Complaint, the Claimants allege Breach of Express Warranties by the Debtor. In Count IV of the Complaint, the Claimants allege "Apache ... expressly warranted through their sales literature advertisements that their component parts for the TEC/Dryvit/Sto EIFS system was merchantable and fit for the particular purpose of installation on the Hotels."

On August 31, 2004, the Debtor filed its Objection to the Claim of Athens Hotel, et al. In its Objection, the Debtor contends that the Debtor did not sell any EIFS product to any of the Claimants or to any general contractors or subcontractors who were identified by the Claimants who installed the EIFS product. It is the Debtor's contention that the EIFS products used by the Claimants were not supplied by the Debtor.

On February 25, 2005, the Debtor filed its Motion for Summary Judgment, which is the Motion pending before this Court.

---

**2.** Construction Concepts, Inc., was the general contractor for the projects wherein hotels were built for the Claimants.

On March 28, 2005, this Court heard oral arguments of both counsel for the Debtor and counsel for the Claimants, considered the evidence provided by affidavits, depositions, and interrogatories and concludes as follows.

This Court is satisfied that this record is devoid of any persuasive proof to establish that the Debtor supplied to the general contractor polystyrene products, which were incorporated in the EIFS stucco installed by the general contractor on the hotels of the Claimants. This Court is also satisfied that the mere fact that the polystyrene products manufactured by the Debtor might be used in conjunction with the installation of EIFS lacks any persuasive evidentiary support. Thus, there is nothing in this record to support the claim that the Debtor had anything to do with the installation of EIFS by the General Contractor in the hotels.

Accordingly, this Court finds that there are, indeed, no genuine issues of material fact and that the Debtor is entitled as a matter of law to an Order sustaining Debtor's Objection to the claim of Athens Hotel, et al. (Claim No. 520).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion for Summary Judgment on the Objection of the Debtor to Claim of Athens Hotel, et al., be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the Debtor's Objection to Claim No. 520 is sustained and said claim be, and the same is hereby, disallowed with prejudice.